**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David James Dodd, | ) | No. CV 10-2566-PHX-RCB (ECV) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| C.O. John Doe, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff David James Dodd, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $24.73. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, No. 07-17265, 2010 WL 2947323, at *3 (9th Cir. Jul. 29, 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.    Complaint**

Plaintiff names the following Defendants in the Complaint: Alhambra Classification Supervisor C.O. John Doe, Correctional Officer III Green, Correctional Officer IV Lee, and Correctional Officer II John Doe.

Plaintiff raises four grounds for relief in the Complaint in which he claims that his Eighth Amendment rights were violated when, in November 2006, each Defendant failed to move Plaintiff to a new cell after Plaintiff informed them that he had been threatened by other inmates. Plaintiff further alleges that because he was not moved, on November 6, 2006 he was attacked by seven other inmates.  Plaintiff seeks money damages.

**IV.    Failure to State a Claim**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an *in forma pauperis* case, at any time, if it fails to state a claim upon which relief may be granted. Failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) which is now codified at 28 U.S.C. § 1915(e)(2)(B)).  In the absence of waiver, the Court may raise the defense of statute of limitations *sua sponte*.  See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2nd Cir. 1995)

1  (same); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez,
2  943 F.2d 104, 107-08 (1st Cir. 1991) (same).

3  Section 1983 of Title 42, U.S.C., does not include its own statute of limitations.
4  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Therefore, federal courts apply the
5  statute of limitations governing personal injury claims in the forum state. Wilson v. Garcia,
6  471 U.S. 261, 280 (1985); TwoRivers, 174 F.3d at 991. In Arizona, the limitations period
7  for personal injury claims is two years. Id.; see also Ariz. Rev. Stat. § 12-542 (providing that
8  actions for personal injury must be commenced within two years after the cause of action
9  accrues).

10 Although the statute of limitations applicable to § 1983 claims is borrowed from state
11 law, federal law continues to govern when a § 1983 claim accrues. Wallace v. Kato, 549
12 U.S. 384, 388 (2007); TwoRivers, 174 F.3d at 991. Under federal law, a claim accrues
13 "when the plaintiff knows or has reason to know of the injury which is the basis of the
14 action." Id.; Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).

15 The Court must also apply any state rule for tolling to actions brought under § 1983.
16 Hardin v. Straub, 490 U.S. 536, 544 (1989); Johnson v. State of California, 207 F.3d 650,
17 653 (9th Cir. 2000); TwoRivers, 174 F.3d at 992. Under Arizona law, the limitation period
18 is tolled during mandatory exhaustion of administrative remedies. See Brown v. Valoff, 422
19 F.3d 926, 943 (9th Cir. 2005); Arizona Dep't of Revenue v. Dougherty, 29 P.3d 862 (Ariz.
20 2001); Third & Catalina Assoc. v. City of Phoenix, 895 P.2d 115, 119 (Ariz. Ct. App. 1994);
21 see also Ariz. Rev. Stat. § 12-821.01(c) (cause of action required by law or contract to be
22 submitted to administrative review process does not accrue until process exhausted)).

23 In this case Plaintiff's claim accrued on November 6, 2006, the day he was assaulted
24 by other inmates. Plaintiff's claim was filed on November 29, 2010, more than four years
25 after his claim accrued. Even accounting for the time needed to exhaust administrative
26 remedies, Plaintiff has filed his claim well beyond the applicable statute of limitations.
27 Accordingly the Court will dismiss the Complaint as barred by the statute of limitations.
28

Case 2:10-cv-02566-RCB--ECV   Document 7   Filed 01/14/11   Page 5 of 5

## V. Motions

Plaintiff has also filed a "Motion Requesting Clerk of the Court Investigate Plaintiff's Previously Filed Civil Rights Complaint" (Doc. 5) and a Motion for Discovery of Defendants' Names (Doc. 6).

With respect to Plaintiff's first Motion, the Clerk of Court has conducted a search of its records and has found no cases previously filed by Plaintiff. The Court will deny as moot Plaintiff's Motion for Discovery.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $24.73.

(3) Plaintiff's Motion to Investigate (Doc. 5) is **granted**; the Clerk of Court has found no cases previously filed by Plaintiff.

(4) Plaintiff's November 29, 2010 Motion for Discovery (Doc. 6) is **denied** as moot.

(5) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(6) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(7) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 14th day of January, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

- 5 -